IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA C. OGLETREE, | : |
| Plaintiff, | : |
| vs. | : |
| | :     CIVIL ACTION 05-0476-M |
| JO ANNE B. BARNHART, | : |
| Commissioner of | |
| Social Security, | : |
| Defendant. | : |

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) for a specified period of time. The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 17). Oral argument was heard on June 19, 2006. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.

1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born November 14, 1962.  At the time of the decision reached by the Appeals Council, Ogletree was forty-two years old, had some college education, and had previous work experience as a customer service representative, a supervisor for a television cable company, and a receptionist (Doc. 15).  In claiming benefits, Plaintiff alleges disability due to bipolar affective disorder and diabetes mellitus (*id*).

The Plaintiff filed applications for SSI and disability benefits on August 16 and 22, 2001, respectively (*see* Doc. 11, p. 1; Tr. 48).[1]  On September 27, 2002, a decision was entered by an Administrative Law Judge (ALJ) who denied benefits after determining that Ogletree suffered from a substance addition disorder and a bipolar disorder, but further held that she would not be disabled if she would stop using drugs and/or alcohol (Tr. 32-48).  Plaintiff requested review of the hearing decision, but later requested that the appeal be dismissed so that a second

---

[1]Those records do not appear in this file.

2

application could proceed (*see* Doc. 11, pp. 1-2); the Appeals Council granted the request for dismissal (Tr. 257-58).

The Plaintiff protectively filed a second application for SSI[2] on January 14, 2003 (Tr. 1, 75);[3] on August 29, 2003, Plaintiff provided new medical evidence to the ALJ and requested that he reopen her prior application (Tr. 223-24).  On October 23, 2003, without a hearing, the ALJ held that Ogletree was disabled as of January 14, 2003 and was, therefore, entitled to SSI benefits as of that date; the ALJ stated that he had not reopened the prior application (Tr. 23-31).  On December 10, 2003, Plaintiff requested review of this hearing decision by the Appeals Council, arguing that the ALJ had *de facto* reopened the prior application by re-examining the evidence and reaching different conclusions than the prior ALJ had reached (Tr. 19-22).[4]  In a written decision of April 29, 2004, the ALJ reopened the prior application and determined that Ogletree had been continuously disabled as of January 1, 1998 (Tr. 12-18).

On March 24, 2005, the Appeals Council granted Plaintiff's

---

[2]Ogletree did not file a second application for disability benefits because her insured status had expired on December 31, 2000 (*see* Doc. 11, pp. 1-2).

[3]Plaintiff's SSI application is not included in the record (*see* Tr. 1).

[4]Plaintiff's attorney stated that she also sent a letter, dated December 12, 2003, to the attorney who had drafted the ALJ's opinion of October 23, 2003 which pointed out that she had requested that the prior applications for benefits and SSI be reopened; that letter does not appear in the transcript (*see* Doc. 11, p. 7 n.5).

request for review of the ALJ's October 23, 2003 decision, stating that it would also consider the April 29, 2004 decision (Tr. 246-50).  On June 24, 2005, the Appeals Council found that the ALJ's decision of April 29, 2004 was based on errors and subject to reopening, but agreed with the prior decision to the extent it found Plaintiff disabled as of June 14, 2001 (Tr. 5-11).  The effect of this decision was to award Ogletree disability and SSI benefits from June 14, 2001 (*id.*).

In this action, Plaintiff claims that the opinion of the Appeals Council is not supported by substantial evidence.  Specifically, Ogletree alleges that:  (1) The Appeals Council had no authority to reopen—and then revise—the ALJ's decisions of October 3, 2003 and April 29, 2004; and (2) the ALJ's conclusions of April 29, 2004 were supported by substantial evidence (Doc. 11).  Defendant has responded to—and denies—these claims (Doc. 12).

Plaintiff first claims that the Appeals Council had no authority to reopen—and then revise—the ALJ's decisions of October 3, 2003 and April 29, 2004 (Doc. 11, pp. 4-10).  Ogletree points out that the regulations require sixty days notice, from the date of the ALJ's decision, if the Appeals Council decides on its own initiative to review the decision.  20 C.F.R. § 404.969(a) (2005).  Defendant has argued, however, that this provision is inapplicable, because Ogletree requested the review (Doc. 12, p. 8).  Plaintiff admits that she requested the review

of the October 23, 2003 decision, but argues that it became moot when "the ALJ on his own motion and pursuant to authority under 20 C.F.R. § 404.955 recalled his decision and issued a revised decision" (Doc. 11, p. 7).

The Court finds that Ogletree's argument is more persuasive. The Court does not understand how the October 23, 2003 decision could be reviewed by the Appeals Council, on the basis of Plaintiff's request, once that decision had been *recalled* by the ALJ so that a new decision could be entered (*see* Tr. 253; *see also* Doc. 11, p. 2).[5] The Court finds that the October 23, 2003 decision is relevant to the claims here only for placing this action in historical context; in other words, once the April 29, 2004 decision was entered, the former decision was moot and there was no need to review it. Additionally, the Court notes that the Appeals Council failed to review the April 29, 2004 decision within the sixty days allowed for such discretionary review. 20 C.F.R. § 416.1469 (2005).[6] Defendant's argument that it was only

---

[5]Plaintiff's attorney stated that she was "contacted by an attorney employed by the Mobile Office of Hearings and Appeals and informed that the ALJ had 'recalled' his decision of October 23, 2003" (Tr. 253); the attorney again uses the term *recalled* in summarizing the history of this case in the proposed Report and Recommendation to the Court (Doc. 11, p. 2). Defendant refers to the April 29, 2004 decision as an *amended* decision (Doc. 12, p. 2).
On the other hand, the ALJ, in the April 29, 2004 decision, apparently ignored the fact that he had entered a prior decision which was inconsistent with the new opinion as he failed to acknowledge it (*see* Tr. 12-18).

[6]The Court is citing SSI regulations—as opposed to those for disability applications—as the ALJ's decision was entered pursuant to an SSI application.

engaged in review of the April 29, 2004 decision is unpersuasive (Doc. 11, p. 8).

Therefore, it appears that the real issue before the Court is whether the Appeals Council had the authority to reopen and revise the April 29, 2004 decision.[7]  The Court notes that the Social Security regulations state that a final decision or determination may be reopened—and revised—at the request of the claimant *or* at the initiative of the Social Security Administration.  20 C.F.R. § 416.1487 (2005).  "A determination, revised determination, decision or revised decision may be reopened [w]ithin 12 months of the date of the notice of the initial determination[,] for any reason."  20 C.F.R. § 416.1488(a) (2005).

The facts of this action show that the Appeals Council provided notice, on March 24, 2005, that it was going to review the ALJ's decisions of October 23, 2003 and April 29, 2004 (Tr. 246-50).  The initial determination on the second application was made on June 9, 2003 (Tr. 49-51),[8] so it is clear that the

---

[7]Defendant has argued that the Appeals Council was not reopening the April 29, 2004 decision, but was, in fact, reopening the September 2002 decision as an "error was made . . . in denying Plaintiff's August 2001 DIB and SSI applications for the period on and after June 14, 2001" (Doc. 12, p. 9).  The Court finds this argument faulty in that the September 2002 decision had already been reopened by the ALJ in the April 29, 2004 decision; the proper procedure for the Appeals Council, at that point, was to review the April 2004 decision which it failed to do in a timely manner.

[8]Plaintiff references December 12, 2001 as the initial determination date, based on the Appeals Council's statement that that is the appropriate date (Doc. 11, p. 8; *cf.* Tr. 247).  The Court does

Appeals Council's reopening did not meet the one-year "for any reason" deadline of subsection (a).

The Court further notes, however, that a decision may be reopened "[w]ithin two years of the date of the notice of the initial determination" for good cause.  20 C.F.R. § 416.1488(b) (2005).  "[T]here is good cause to reopen a determination or decision if . . . [t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made."  20 C.F.R. § 416.1489(a)(3) (2005).

The notice of March 24, 2005 clearly came within the two-year period following the June 9, 2003 initial determination date, so that requirement has been met.  In its decision, the Appeals Council noted that the ALJ found Ogletree entitled to SSI based on an August 16, 1998 application; the Appeals Council noted that this was error and found it was "good cause" for re-opening the ALJ's decision (Tr. 5-11, 246-50; *cf.* Tr. 18).

Plaintiff notes that the true application date was August 16, 2001—and not 1998—and argues that the error was only a technical one and not one contemplated by the regulations (Doc. 11, p. 9).  The Court finds merit in Ogletree's assertion that a scrivener's error is not the basis for good cause.  On the set of

---

not understand how that could be the date, however, as the second
application was not even filed until January 14, 2003 (Tr. 1, 75).
The Court finds it more appropriate to view the June 9, 2003 date as
the appropriate date as it is the date of the initial determination
made on the second application.

facts presented in this action, the Court finds that the scrivener's error was not a substantive one and did not provide good cause for the Appeals Council to reopen the ALJ's April 29, 2004 decision.

However, the Court further notes that the Appeals Council notice of March 24, 2005 also states that the ALJ "did not provide an adequate explanation for finding [Ogletree] disabled as of January 1, 1998.  In particular, the [ALJ] did not adequately address the issue of whether drug abuse was material to a finding of disability" (Tr. 248).  The Court further notes that Plaintiff has argued that the ALJ's conclusions of April 29, 2004 were supported by substantial evidence (Doc. 11, pp. 10-11).

The Court has reviewed the record and finds no medical evidence which even predates June 14, 2001, the date the Appeals Council found Plaintiff to be disabled, much less which demonstrates disability.  Though there are transcript records in which the doctors cite Plaintiff for providing historical medical information regarding her condition, there is no objective medical evidence supporting her statements.  Additionally, there is Plaintiff's testimony of her conditions before June 14, 2001, but no medical evidence to support it.  The Court finds that the ALJ's determination of April 29, 2004 is not supported by substantial evidence and that the Appeals Council's re-opening of that decision was appropriate, based on the record before this Court.

In conclusion, the Court finds that the Appeals Council had regulatory authority and good cause to reopen the ALJ's decision of April 29, 2004 as the conclusions reached therein were not supported by substantial evidence.  On the other hand, the Court finds substantial evidence for a finding that Ogletree was disabled as of June 14, 2001 and was properly awarded disability and SSI benefits as of that date.

The Court learned at oral argument that Plaintiff may have received benefits which pre-date June 14, 2001 and that there is a possibility that the Social Security Administration may seek reimbursement of those funds.  For the record, the Court states that this has been the most bewildering and confusing social security action to come before the Undersigned in nineteen years on the bench; additionally, it has been the most difficult case to decipher, procedurally, of any kind.  While the attorneys for the parties have made every effort to inform and instruct the Court of the procedural posture of—and issues in—this action, the Court, nevertheless, has spent far too much time trying to sort through this morass.  The attorneys have done their job well and the Court is thankful for that.

In any event, in view of the totality of the very unusual circumstances in this action and the economic and medical condition of the Plaintiff, the Court finds that it would not be proper or appropriate for the Social Security Administration to seek reimbursement of the funds paid to Ogletree for any period

of time which preceded June 14, 2001.  This is especially so as the Court sees no precedential value arising out of the facts of this action -it is most unique.

Finally, the Court is resolute in its belief that the appropriate final result has been reached with regard to the determination that Ogletree was disabled as of June 14, 2001. Though the parties may disagree with the path taken by the Court in getting to this end, the Court finds that the Appeals Council's conclusion in this regard is supported by substantial evidence.

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 22nd day of June, 2006.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE